# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI

**DEBBIE McCOY,**

Plaintiff,

v.

Case No. 18-CV-03256-BP

**WALMART STORES EAST, LP, ET AL.**

Defendants.

## FIRST AMENDED CLASS ACTION COMPLAINT

**COMES NOW**, Plaintiff, through counsel, and for her Petition against Defendants, Walmart Stores East, LP, Walmart, Inc. and Walmart Stores Arkansas, LLC (collectively referred to in this petition as "Walmart" or "Defendants") states:

### Parties, Jurisdiction, Venue

1. Debbie McCoy is a citizen of Greene County, Missouri.

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1332(a)(1), 1332(d)(2) and 28 U.S.C. § 2201.

3. Venue is proper in that the actions and occurrences described herein occurred in Greene County, Missouri.

4. Defendant Walmart Inc. is a Delaware corporation, authorized to do business in Missouri, with headquarters at 708 SW 8th Street Bentonville, AR 72716 and doing business in Greene County, Missouri and can be served at: C T Corporation System, 120 South Central Ave., Clayton, MO 63105.

5. Specific jurisdiction over Walmart Inc. exists under RSMo. § 506.500.1 in that this defendant (a) transacted business within this state; (b) made contracts within this state;

(c) committed tortious acts within this state; and (d) owns, uses, or possesses real estate situated in this state – all in connection with the conduct described more particularly below which is incorporated by reference in this paragraph.

6. Defendant Walmart Stores East, LP, is a Delaware limited partnership, authorized to do business in Missouri, with headquarters at 708 SW 8th Street, Bentonville, AR 72716 and doing business in Greene County, Missouri and can be served at: C T Corporation System, 120 South Central Ave., Clayton, MO 63105.

7. Specific jurisdiction over Walmart Stores East, LP exists under RSMo. § 506.500.1 in that this defendant (a) transacted business within this state; (b) made contracts within this state; (c) committed tortious acts within this state; and (d) owns, uses, or possesses real estate situated in this state – all in connection with the conduct described more particularly below which is incorporated by reference in this paragraph.

8. Walmart Stores Arkansas LLC is a foreign entity not licensed to do business in Missouri but is in fact doing business in Missouri by marketing and selling its gift cards.

9. Specific jurisdiction over Walmart Stores Arkansas LLC exists under RSMo. § 506.500.1 in that this defendant (a) transacted business within this state; (b) made contracts within this state; and (c) committed tortious acts within this state – all in connection with the conduct described more particularly below which is incorporated by reference in this paragraph.

## Facts Common to All Counts

10. On December 15, 2017, Plaintiff purchased two gift cards at a Walmart store situated in Greene County, Missouri in the approximate amount of twenty-five dollars each.

11. Prior to the date of sale, third parties tampered with and/or otherwise compromised the gift cards so that the third parties could withdraw the cash loaded onto the cards by Walmart customers.

12. Any party having knowledge of the public facing gift card numbers along with the secret eight numbers hidden by the security tape can utilize a loaded card for online purchases from Walmart.

13. Prior to the date of sale, Walmart was aware that third parties were tampering with its gift card inventory and obtaining knowledge of the secret eight digits printed on the gift card.

14.  Walmart knew or should have known that one method the third parties were using to learn the secret eight digits involved the third parties taking possession of the cards, removing the security tape covering the PIN numbers on the gift cards, recording the eight digits and replacing the tamper evident tape with a commercially available equivalent substantially similar, but not identical, to the original tamper evident tape.

15. Walmart knew or should have known that third parties were also utilizing computer software called "bruteforcing software" to determine the PIN for the gift cards by cycling through all 10,000 possible PIN combinations. According to one report, this process may take as few as ten minutes to complete. See "Hacking Retail Gift Cards Remains Scarily Easy," Andy Greenberg, Wired.com, August 31, 2017, https://www.wired.com/story/gift-card-hacks/.

16. The practice by third parties of tampering with and compromising gift cards was common and known to Walmart.

17. Walmart received enough customer complaints alerting Walmart that its gift cards were being tampered with and customers were being denied access to the money they loaded

on the cards to put Walmart on notice that the secret numbers on the cards were not guaranteed to be secure prior to or at the moment of first commercial sale at the registers in its stores.

18. In addition to complaints received at its headquarters in Bentonville, Arkansas, Walmart employees and agents received in-store complaints from customers regarding gift card tampering prior and these complaints were sufficient to put Walmart on notice that the secret numbers on the cards were not guaranteed to be secure prior to or at the moment of first commercial sale at the registers in its stores.

19. The gift cards purchased by Plaintiff were tampered with and compromised prior to the moment of sale by Walmart to Plaintiff.

20. Walmart maintains records indicating when the gift cards are loaded, when they are redeemed, and how and where they are redeemed.

21. Thereafter, on December 17, 2017, third parties utilized the card's secret eight digits to exhaust the balance on one of the gift cards by making consumer purchases of goods at "Walmart.com".

22. Thereafter, Plaintiff gave the gift cards to her grand-niece and grand-nephew for Christmas gifts.

23. Thereafter, her grand-neice attempted to use the gift card and first learned that the card balance was fully exhausted.

24. Thereafter, her grand-nephew (through his father) attempted to check his balance, and discovered that Walmart deactivated his card.

25. Walmart store personnel unsuccessfully attempted to seize the card from Plaintiff's grand-nephew after he complained to Walmart.

26. Walmart customer service failed and refused to replenish the balance on the gift cards, refund the money, or reactivate the grand-newphew's card.

27. At the time the gift cards were first sold, they were tampered with, compromised and/or adulterated.

28. As to the gift card given to her grand-nephew, Walmart deactivated the card so as to deny Plaintiff and her grand-nephew access to the money loaded onto the card and failed and refused to replace it with a suitable, functioning gift card.

29. Defendants implicitly represent to all purchasers, including Plaintiff, that their gift cards are not tampered with or adulterated prior to first sale in the stream of commerce.

30. Alternatively, Defendants failed to warn gift card purchasers, including Plaintiff, of the probability and/or possibility that its gift cards have been tampered with, that other third parties have knowledge of the secret eight digits, and that Walmart is not the only entity in possession of the gift card's PIN.

31. Walmart does not adequately train or require its associates to carefully and consistently inspect gift cards prior to sale for evidence of tampering, which includes but is not limited to: (a) crooked security tape; (b) scrape marks from tape removal; (c) application of non-factory original security tape; (d) tape residue edge marks from original security tape.

32. No reasonable consumer, including Plaintiff, would knowingly purchase a gift card where there was a probability and/or possibility that, prior to sale, the secret eight digits were known to third parties other than Walmart or an entity with a "need to know".

33. Plaintiff was damaged in the amount of fifty dollars and suffered embarrassment, humiliation and distress associated with giving valueless gift cards to family members for Christmas.

34. The problem with the Walmart gift cards is rampant and widespread and Walmart is well-aware of the problem, yet Walmart continues to sell unsecure gift cards.

35. Defendants sell gift cards that they know, or should know have been tampered with and/or fail to take reasonable precautions to discover and/or prevent tampering.

36. Walmart publishes its gift card terms and conditions at http://help.walmart.com/app/answers/detail/a_id/57/~/gift-card-terms-and-conditions?u1=&oid=223073.1&wmlspartner=bipa7LLjXFc&sourceid=0616986729424 6116240&affillinktype=10&veh=aff.

37. Although Walmart sells tampered gift cards whose secret eight digits are known to third parties prior to the first consumer sale, it purports to disclaim liability associated with stolen gift cards as shown below:

> **Lost or Stolen Gift Card.** Lost or stolen cards will not be replaced. Neither Wal-Mart.com USA, LLC nor Wal-Mart Stores Arkansas, LLC shall have liability to you for (i) lost or stolen Walmart Gift Cards or (ii) use of any Walmart Gift Cards by third parties through your Walmart.com account. You are solely responsible for keeping the password for your Walmart.com account safe and for any activity conducted under your account. If the eGift Card is from your Savings Catcher account, go to https://savingscatcher.walmart.com/

38. Walmart's awareness of this problem has been documented by Lester Holt of the NBC Nightly News. https://youtu.be/eCFhxJWe8Xs.



Foster Kinship gets $1,500 refunded after gift cards fraudulently emptied out

649 views

Terry Caliendo
Published on Dec 21, 2017

Category    People & Blogs
License     Standard YouTube License

## **CLASS ACTION ALLEGATIONS**

39. Plaintiff brings Count I of her First Amended Complaint pursuant to the Missouri Merchandising Practices Act ("MMPA"), individually and on behalf of all other similarly situated individuals who purchased compromised Walmart Gift Cards from Walmart retail stores in Missouri, and who loaded money onto the gift card, and who either (a) had the funds loaded on the gift card used by a third party as a result of the tampering or (b) had the cards deactivated by Walmart prior to use and where Walmart refused to replace the card, reactivate the card or refund the money loaded on the card.

40. Plaintiff brings all other Counts of her First Amended Complaint individually and on behalf of all other similarly situated individuals nation-wide who purchased compromised

Walmart Gift Cards from Walmart retail stores, and who loaded money onto the gift card, and either (a) who had the funds loaded on the gift card used by a third party as a result of the tampering; or (b) lost the use of the funds on the card because Walmart deactivated the card prior to the time it was first used and refused to either replace the card, reactivate the card or refund the money loaded on the card.

41. The claims of the named Plaintiff are typical of the claims of the respective Class she seeks to represent, in that each named Plaintiff and all members of the proposed Class purchased or received a gift card from Defendant and the funds associated with the card were stolen or misappropriated or the cards were deactivated without refund or replacement.

42. All Plaintiffs and those similarly situated seek a refund of, and restitution for, monies paid as a result of the loss of the funds, which occurred as a result of the Defendant's wrongful and improper conduct.

43. Plaintiff and members of the Class seek to disgorge the Defendant of the monies inappropriately acquired by them as a result of the loss of the gift card funds.

44. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class she represents.

45. The representative Plaintiff has retained counsel competent and experienced to represent her and the members of the proposed Class. Accordingly, the interests of the Class will adequately be protected and advanced. In addition, there is no conflict of interest among the representatives of the proposed Class.

46. The interests of all Class members are aligned because they have a strong interest in obtaining the refunds, reimbursements, and disgorgement of funds. In addition, the members of the Class have an interest in securing their right to compensatory damages.

47. Notice can be provided to Class members by a combination of published notice and first class mail and email using techniques and forms of notice similar to those customarily used in class action cases. Further, Defendants maintain a database of the contact information of its customers.

48. Certification of the Class is appropriate because the questions of law and fact common to the members of this Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

   a. Whether Defendants were aware of the third parties' tampering of the cards;

   b. Whether Defendants should have known that third parties tampered with its gift cards;

   c. Whether Defendants had a duty to disclose to gift card purchasers the probability and/or possibility that a gift card had been tampered with by a third party at the time of sale;

   d. Whether Defendants had a duty to disclose to gift card purchasers the probability and/or possibility that the secret eight digits on the card(s) were known to third parties who did not have a need to know the digits.

   e. What steps Defendants took to protect gift card purchasers from losing the funds loaded onto the gift cards to third parties;

   f. Whether or not the limitations of liability in the terms and conditions are unconscionable or unenforceable.

g.  Whether or not the terms of service constitute a contract of adhesion and are unenforceable.

h.  Whether or not Walmart is required to replace or refund gift cards with positive balances that it deactives.

i.  Whether or not Walmart made intentional, negligent and/or fraudulent representations or omissions of material fact concerning the security of gift cards;

j.  Whether Defendants violated the Missouri Merchandising Practices Act;

k.  Whether Defendants breached the warranty of merchantability implicit in all contracts for the sale of goods under Mo. Rev. Stat. § 400.2-314 and the Uniform Commercial Codes of the various states;

l.  Whether Defendants were unjustly enriched as a result of their conduct in relation to the sale of the tampered with gift cards;

m.  Whether Defendants negligently mispresented the condition of the gift cards at the time of their sale;

n.  Whether Defendants acted fraudulently in connection with the sale of compromised gift cards;

o.  Whether Defendants violated the various consumer protection statutes of the separate states; and

p.  The extent to which Plaintiff and class members are entitled to damages, including compensatory damages, statutory damages, and punitive damages or equitable relief, including disgorgement.

49. This Class action is superior to other available remedies for the fair and efficient adjudication of this controversy because the amount in controversy for each individual

class member is relatively small such that it would be impracticable for putative class members to file individual actions.

50. Defendant marketed and sold the gift cards in the course of its business.

51. The sale of all gift cards constituted a "consumer sale" within the meaning of the consumer protection laws of the 50 states.

## COUNT I—VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

52. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

53. The MMPA, § 407.025 RSMo, provides for a private cause of action, punitive damages, and attorney fees to a successful party who invokes its protections.

54. The MMPA § 407.010 RSMo,et seq., encompasses the sale of gift cards by Defendant.

55. Plaintiff purchased the gift cards from one or more Defendants for personal or household use.

56. Walmart, through its representatives and/or agents, sold gift cards that had been tampered with by third parties, made representations to Plaintiff which amounted to deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, including but not limited to the fact that Defendant sold gift cards to Plaintiff and putative class members when Defendant knew or should have known that the cards had been altered and that the funds associated with the cards were likely to be stolen or misappropriated by strangers or third parties.

57. Defendants misrepresented that the gift card's secret eight numbers were private and not within the knowledge of third parties without a need to know; alternatively, Defendants

omitted notification to Plaintiff that the gift card's secret eight numbers were probably and/or possibly not private and were within the knowledge of third parties without a need to know.

58. Defendants intended for Plaintiff to belive that its security features prevented anyone but the purchaser or recipient of the gift card to use it to purchase goods or services from Walmart.

59. At all times, Walmart intended for purchasers to believe that the PIN's on the gift cards were not known to entities or individuals with no legitimate business purposes to know the PIN's.

60. That Defendant's representations and omissions described herein constitute concealment, suppression, or omission of issues and were material to Plaintiff's decision to purchase the gift cards.

61. Plaintiff had no knowledge of Walmart's concealment, fraud, misrepresentations and omissions of material fact.

62. As to the second gift card purchased by Plaintiff, Defendant represented through it's terms, conditions, policies, practices or procedures that the purchaser or the purchaser's designee would be able to utilize the gift card balance to make consumer purchases.

63. As to the second gift card purchased by Plaintiff, Defendant deactivated the card prior to the time Plaintiff or her designee could utilize the card.

64. Plaintiff, through her designee, demanded replacement or refund of the money loaded on the card, and Walmart refused.

65. Defendants' deactivation of the second card constitutes deception, fraud, false pretenses, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact under the Missouri Merchandising Practices Act.

66. As a direct and proximate result of the misrepresentations, statements, assurances, and omissions made by Defendant, Plaintiff has suffered an ascertainable monetary loss, to wit: the loss of the funds associated with their gift cards.

67. That the conduct of Defendant in the foregoing respects was willful, intentional, and malicious and without just cause or excuse, entitling Plaintiff to actual and punitive damages.

68. Plaintiff has incurred and will continue to incure reasonable attorney fees and costs in connection with this claim. Under the provisions of the MMPA, Defendants should be required to pay Plaintiff's reasonably attorney fees and costs.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award Plaintiff and the other members of the Class punitive damages, attorney fees and costs; (d) that Defendant be enjoined from selling altered and/or adulterated gift cards or engaging in business practices which allows its gift cards to become altered and/or adulterated and (e) that the Court award the class such other and further relief as the Court deems just and proper.

## <u>COUNT II—BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR</u> <u>PURPOSE UNDER § 2-315 OF THE UNIFORM COMMERCIAL CODE</u>

69. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

70. At the time of sale and/or contracting, Walmart had reason to know particular purposes for which the gift cards were required.

71. The particular purposes described above include but are not limited to the purchase of goods both in-store and online.

72. The buyers of the gift cards, including Plaintiff, relied upon Walmart's skill or judgment to select or furnish suitable goods.

73. Walmart's gift card terms and conditions do not exclude, modify or limit this implied warranty that the goods shall be fit for such purposes.

74. Walmart breached its warranty in one or more material respects described more fully above.

75. As a direct and proximate result, Plaintiff and class members have been damaged.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award the class such other and further relief as the Court deems just and proper.

## COUNT III-BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY UNDER § 2-314 OF THE UNIFORM COMMERCIAL CODE

76. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

77. At all times pertinent to this action, Defendants were merchants as that term is defined in section 2-104 of the Uniform Commercial Code.

78. Defendants sold Plaintiff the gift cards described more particularly above; however, at the time of the sale, one or more of the gift cards were not merchantable at the time of the sale because third parties had tampered with the gift cards and had stolen the PIN from the cards.

79. One or more of the gift cards Defendants sold Plaintiff were not fit for the ordinary purpose for which they were typically used because Walmart knew or should have known that the the secret eight digits were known to third parties at the time of sale rendering the giftcards insecure and the balance of the gift cards subject to loss.

80. As to one gift card, it was not fit for the ordinary purpose for which it was typically used because Walmart improperly deactivated the card prior to the first time Plaintiff or her designee attempted to withdraw the balance from the card and thereafter refused to refund or replace the giftcard purchase.

81. As a direct and proximate result of the defective nature of the cards at the time Defendant sold the gift cards to Plaintiff, Plaintiff suffered injury and damage in the form of the lost funds that she had loaded onto the gift cards.

82. Defendant received actual notice of the defective nature of the gift cards within a reasonable time of the sale of the defective gift cards through Plaintiff's agent, who informed Defendants of the lack of funds on the cards by calling the gift card department and speaking with a customer service representative and by visiting the customer service department at the Ozark, Missouri Walmart store and notifying them of the problem with the cards.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award the class such other and further relief as the Court deems just and proper.

## COUNT III—UNJUST ENRICHMENT

83. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

84. Plaintiff purchased two gift cards. As to one, the balance was depleted by a third party. As to the other, the balance was retained by Walmart who refused to allow Plaintiff to access it.

85. Defendants have received money under such circumstances that, in equity in good conscience, it ought not to retain specifically as to:

   a. The monetary balance of the giftcards which Walmart improperly deactivated and thereafter neither refunded nor replaced;

   b. The amount of funds loaded onto giftcards which Walmart knew or should have known were insecure and as to which the secret eight digits were possibly and/or probably known to third parties lacking a need to know such digits.

86. A benefit was conferred upon Defendants at the Plaintiff's expense under circumstances that would make Defendants retention of the money unjust.

87. Specifically, Defendants received money from the sale of the gift cards and Plaintiff received nothing of value in return.

88. Defendants enjoyed enrichment by retaining the profits associated with the sale of merchandise.

89. Plaintiff suffered an economic detriment and loss.

90. There is a direct connection between the enrichment of Defendant and the impoverishment of Plaintiff.

91. There was an absence of justification for the enrichment and the impoverishment.

92. Defendants have appreciated the benefit and had knowledge and awareness that it was, in fact, receiving a benefit.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) That the Court order Defendants to disgorge the money it unjustly retained to Plaintiff and the other class members, plus pre-judgment and post judgment interest; and (c) That the Court award the class such other and further relief as the Court deems just and proper.

### COUNT IV—NEGLIGENT MISREPRESENTATION

93. Plaintiff hereby restates and re-alleges the above paragraphs as though fully set forth herein.

94. In the course of its business, Defendants represented to Plaintiff and all class members that it was selling gift cards that were original, usable, secure, valuable, and free from fraud, tampering or compromise.

95. Alternatively, in the course of its business, Defendants failed to disclose to Plaintiff and all class members that it was selling gift cards that were not original, usable, secure,

valuable, and free from fraud, tampering or compromise.

96. In the course of its business, Defendants failed to disclose to Plaintiff that it was aware of facts tending to establish that as to its gift card inventory offered for sale, that it was probable and possible that third parties knew the secret eight digits as to a portion of the gift card inventory offered for sale.

97. Defendants represented that it would not deactivate gift cards purchased by Plaintiff without refunding or replacing the balance on the cards.

98. Alternatively, Defendants omitted the fact that it would deactivate gift cards purchased by Plaintiff without refunding or replacing the balance on the cards.

99. Defendants made these representations and omissions as to Plaintiff in connection with her purchase of Walmart gift cards.

100. These representations and omissions were material to Plaintiff's decision to purchase the giftcards.

101. Because of Defendants' failure to use reasonable care, Defendants' representations and omissions were false because the gift cards were not original and usable because third parties had tampered with the cards to obtain the unique PIN associated with the gift cards and because Defendant did reserve the right to deactivate loaded cards without refunding or replacing them.

102. Plaintiff justifiably relied on Defendants' representations and omissions about the condition of the gift cards because Defendants had superior knowledge about the cards' condition and Walmart's reservation of rights to deactivate the cards without refund or replacement.

103. As a direct and proximate result of Plaintiff's reliance on Defendants' representations about the gift cards, Plaintiff has suffered pecuniary loss in an amount determined to be fair and reasonable, but which is equivalent to the funds loaded onto the gift cards, but that was lost.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award the class such other and further relief as the Court deems just and proper.

### COUNT V—FRAUD

104. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

105. Defendants fraudulently omitted and concealed material facts related to the sale of its gift cards.

106. Specifically, Defendants failed to disclose to Plaintiff and class members the probability that third parties had tampered with the gift cards and would take the funds that Plaintiff and class members loaded onto the gift card accounts.

107. Defendants had a duty to disclose this information to Plaintiff and class members because they had superior knowledge as to the facts related to its omissions and/or concealments.

108. By means of numerous customer complains, Defendants became aware of the widespread problem of third parties tampering with Walmart gift cards to obtain the unique PINs in order to take a customer's funds once they were loaded onto the gift card.

109. Plaintiffs and class members had no means available to discover the omissions and concealment.

110. Defendants intended for Plaintiff to rely upon its omissions and concealment by purchasing Walmart gift cards.

111. Plaintiff and class memberss materially relied upon the omissions and concealment by purchasing tampered with gift cards.

112. Plaintiff's and class memebrs' reliance was justifiable and reasonable because they were not aware of the probability of purchasing a tampered with gift card.

113. Plaintiffs lacked knowledge that Defendants' statements and omissions were false.

114. As a direct and proximate result, Plaintiffs were damaged by the loss of the funds they loaded onto the tampered with gift cards.

115. Defendant's actions were evil, wanton, reckless and intentional so as to justify the imposition of punitive damages.

116. Plaintiffs are entitled to punitive damages to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award the class such other and further relief as the Court deems just and proper.

## COUNT VI—BREACH OF CONTRACT

117. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

118. Plaintiff and Defendants entered into a lawful contract under which Plaintiff agreed to provide funds to Defendants in exchange for a gift card that could be redeemed to purchase merchandise at various Walmart retail stores.

119. Plaintiff purchased two gift cards and tendered the price of payment at the point of sale.

120. In exchange for payment, seller was obligated to honor the gift cards and to furnish goods up to and including the purchase amount of the gift cards.

121. Plaintiff fully complied with her obligations.

122. Defendant failed and refused to comply with its obligations.

123. Defendant materially breached its contract with Plaintiff.

124. As a direct and proximate result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award the class such other and further relief as the Court deems just and proper.

## COUNT VII—UDAP CLAIM UNDER THE LAWS OF THE SEVERAL STATES

125. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

126. As the choice of law question cannot be conclusively addressed at this point in the litigation, Plaintiffs state the following alternative causes of action under the laws of the states of residence of Class Members, if it is later determined by the Court that the choice of law rules require the application of these state laws.

127. Defendants' actions set forth more fully above constitutes unfair competition or unfair, unconscionable, deceptive, fraudulent, or unlawful acts or business practices in violation of the state consumer protection statutes listed below:

    a.  Ala. Code § 8- 19-1 et seq. (Alabama); Alaska Stat. § 45.50.471 et seq. (Alaska); Ariz. Rev. Stat. Ann. § 44-1521 et seq. (Arizona); Ark. Code Ann. § 4-88-101 et seq. (Arkansas); Cal. Bus. & Prof. Code § 17200 et seq., ,Cal. Bus. & Prof. Code § 17500 et seq Cal. Civ. Code § 1750 ,et seq. (California); Colo. Rev. Stat. § 6-1-105 et seq. (Colorado); Conn. Gen. Stat. § 42110a (Connecticut); Del. Code Ann. Tit. 6, § 2511 et seq. (Delaware); D.C. Code Ann. § 28-3901 et seq. (District of Columbia); Fla. Stat. Ann. § 501.201 et seq. (Florida); Ga. Code Ann. § 10-1-390 et seq. (Georgia); Haw. Rev. Stat. § 481A-l et seq. and Haw. Rev. Stat. § 480-1 et seq. (Hawaii); Idaho Code § 48-601 et seq. (Idaho); Illinois Code 815 ILCS 505 et seq.; Kan. Stat. Ann § 50-623 et seq. (Kansas); Ky. Rev. Stat. § 367.110 et seq. (Kentucky); La. Rev. Stat. Ann. § 51:1401 et seq., (Louisiana); Me. Rev. Stat. Ann. Tit. 5, § 205-A et seq., (Maine); Md. Com. Law Code Ann. § 13-101 et seq., Md. Com. Law Code Ann. § 13-301 et seq., Md. Com. Law Code Ann. § 13-408 et seq. (Maryland); Mass Gen. L. ch. 93A, § 1 et seq. (Massachusetts); Mich. Stat. Ann § 445.901 et seq., Mich. Stat. Ann. § 19.418(1) et seq. (Michigan); Minn. Stat. § 325F.68 et seq., Minn. Stat. § 8.31 (Minnesota); Miss. Code Ann. § 75-24-3 et seq. (Mississippi); Mont. Code Ann. § 30-14-101 et seq. (Montana); Neb. Rev. Stat. § 59-1601 et seq. (Nebraska); Nev. Rev. Stat. § 41.600 and Nev. Rev. Stat. § 598.0903 et seq. (Nevada); N.H. Rev. Stat. Ann. § 358-A:l et seq. (New Hampshire); N.J. Rev. Stat. §56:8-1 et seq., N.J. Rev. Stat. § 56:12-1 et seq.

(New Jersey); N.M. Stat. Ann. § 57-12-1 et seq. (New Mexico); N.Y. Gen. Bus.

Law. § 349 et seq. (New York); N.C. Gen. Stat. § 75-1 et seq. (North Carolina);

N. D. Cent. Code § 51-15-01 et seq. (North Dakota); Ohio Rev. Code Ann. §

1345.01 et seq. (Ohio); Okla. Stat. Tit. 15, § 751 et seq. (Oklahoma); Ore. Rev.

Stat. § 646.605 et seq. (Oregon); Penn. Stat. § 201-1 et seq. (Pennsylvania); R.I.

Gen. Laws § 6-13 .1-1 et seq. (Rhode Island); S.C. Code Ann. § 39-5-10 et seq.

(South Carolina); S.D. Codified Laws Ann. § 37- 24-1 et seq. (South Dakota);

Tenn. Code Ann. § 47-18-101 et seq. (Tennessee); Tex.Bus.& Com.Code Arm. §

17.41 et seq. (Texas); Vt. Stat. Ann. Tit. 9, § 2451 et seq. (Vermont); Va. Code

Ann. § 59.1-196 et seq. (Virginia); Wash. Rev. Code § 19.86.010 et seq.

(Washington); W. Va. Code § 46A-6-101 et seq. (West Virginia); and Wyo. Stat.

§ 40-12-101 et seq. (Wyoming).

128. Additionally, a nationwide class for California UDAP violations exists in this case

because Defendants have specifically elected for the application of California law to gift

card related disputes.

129. Specifically, the Walmart gift card terms of service provide:

> **Governing Law.** When you purchase, receive, or redeem a Walmart Gift Card, you agree that the laws of the State of California shall govern these Terms and Conditions, without regard to principles of conflict of laws.

130. The gift cards at issue are primarily for personal, consumer and household purposes.

131. The gift cards sold to Plaintiff and class members were altered.

132. Defendant knew or should have known, or by the use of reasonable diligence should have

discovered it was engaged in selling altered gift cards.

133. Cal. Bus. & Prof. Code **§** 1770(a)(6) defines a deceptive trade practice to include

Representing that goods are original or new if they have deteriorated unreasonably or are

**altered**, reconditioned, reclaimed, used, or secondhand."

134. Plaintiff is a consumer who suffered damages as a result of the use or employment by Defendants of a method, act, or practice declared to be unlawful by Section 1770.

135. Pursuant to 1782, Thirty days or more prior to the commencement of this action for damages Plaintiff, on behalf of herself and the class, (1) notified the person alleged to have employed or committed methods, acts or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770; (2) Demanded that such person correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770 and (3) Such notice was in writing and was sent by certified or registered mail, return receipt requested, to the place where the transaction occurred.

136. Plaintiff is entitled to maintain this class action under 1781 because the unlawful method, act, or practice has caused damage to other consumers similarly situated and

    a. It is impracticable to bring all members of the class before the court.

    b. The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

    c. The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

    d. The representative plaintiffs will fairly and adequately protect the interests of the class.

       **WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c)

that the Court award the class such other and further relief as the Court deems just and proper.

## COUNT VIII – CONVERSION

137. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

138. As to the second gift card described above, following the sale of the giftcard to Plaintiff and following Plaintiff loading a $25 balance onto the card, Plaintiff was the owner of the card and its balance and in all respects was entitled to its possession.

139. Plaintiff had a right to possess the intangible data that gave her right to redeem the data for $25 in merchandise from Walmart.

140. The intangible right to possess the data was merged into the physical gift card which contained the account numbers required to access the data necessary to convert the data to merchandise.

141. The right to possess intangible data was at all times merged into the account numbers printed on the back of the gift cards.

142. Defendants took possession of the electronic data evidencing the intangible balance on the giftcard and by electronically taking possession of the account numbers on the back of the physical gift card and then deactiving the numbers on the back of the physical gift card so that it could not be used by in any consumer transaction at Walmart or Walmart.com.

143. Defendants engaged in this conduct with the specific intent to exercise control over the intangible card balance merged into the physical gift card.

144. Defendants  deprived the plaintiff of the right to possession of the intangible giftcard balance which she paid good and valuable consideration for.

**WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court award damages to Plaintiff and the other members of the Class; (c) that the Court award the class such other and further relief as the Court deems just and proper.

## COUNT IX – DECLARATORY JUDGMENT

145. Plaintiff incorporates the foregoing paragraphs by reference as if set forth more fully herein.

146. An actual, justiciable controversy exists between the parties.

147. Plaintiff seeks a declaration of the rights of the parties under the Federal Declaratory Judgment Act.

148. Plaintiff lacks an adequate remedy at law.

149. One or more Defendants purport(s) to bind Plaintiff to the terms and conditions set forth at: http://help.walmart.com/app/answers/detail/a_id/57/~/gift-card-terms-and-conditions?u1=&oid=223073.1&wmlspartner=bipa7LLjXFc&sourceid=06169867294246 116240&affillinktype=10&veh=aff.

150. The terms of service state:

   a. Lost or Stolen Gift Card. Lost or stolen cards will not be replaced. Neither Wal-Mart.com USA, LLC nor Wal-Mart Stores Arkansas, LLC shall have liability to you for (i) lost or stolen Walmart Gift Cards or (ii) use of any Walmart Gift Cards by third parties through your Walmart.com account. You are solely responsible for keeping the password for your Walmart.com account safe and for any activity conducted under your account.

151. The terms on the back of the card state in part, "The balance of this card is a liability of Wal-Mart Stores Arkansas, LLC. This card cannot be redeemed for cash except where required by state law. Lost or stolen cards will not be replaced. In the case of fraud, misrepresentation, abuse or violation of the terms na dconditions, Walmart reserves the right to refuse acceptance of this card and to take all available action, including the forfeiture of any remaining card balance. Terms and conditions subject to change without notice. See Walmart.com for complete terms."

152. Despite the fact that the gift cards are sold by either (a) Walmart Inc.; or (b) Walmart Stores East LP, the terms and conditions state, "The balance on any Gift Card is solely the liability of Wal-Mart Stores Arkansas, LLC."

153. Defendant sellers cannot, as a matter of law, unilaterally disclaim or assign liability for loss, conversion, or destruction of the balance on the giftcards where the funds placed on the cards are fully retained by (a) Walmart Inc.; or (b) Walmart Stores East LP.

154. Walmart contends that the "lost or stolen gift card" terms as well as the terms on the back of the card apply under circumstances where the secret eight digits are known to third parties without a need to know prior to the first sale of the cards.

155. As a matter of law, these terms do not apply where the secret eight digits are known to third parties without a need to know prior to the first sale of the cards.

156. Walmart contends that the "lost or stolen gift card" terms apply and it has no refund/replacement obligations as to card balances where, after a card is sold by Walmart and loaded with money by the consumer, the card balance is depleted by unauthorized third parties who knew obtained the secret eight digit combination on the back of the card.

157. As a matter of law, the "lost or stolen gift card" paragraph does not apply where after a

card is sold by Walmart and loaded with money by the consumer, the card balance is depleted by unauthorized third parties who knew obtained the secret eight digit combination on the back of the card in that the card itself was never lost or stolen at any point in the sales chain and purchases on the account were not made through the purchaser's Walmart.com account.

158. The terms and conditions published unilaterally by Walmart online and on the card are not part of or merged into the giftcard consumer sales transaction between the parties as a matter of law.

159. All or part of the terms of service online and on the back of the card are unenforceable as to Plaintiff as being a contract of adhesion in that:

    a. The terms are outside and beyond the reasonable expectations of the person purchasers of the gift cards and/or

    b. Walmart failed to make the terms and conditions reasonably available to Plaintiff prior to the sale of the giftcards;

    c. The reasonable expectations of the parties are gathered not only by the words of the terms of service, but by all the circumstances of the transaction and/or

    d. The terms of service are written boilerplate language and/or

    e. The terms of service are prepared by Walmart who is the stronger party and presented to Plaintiff who is the weaker party on a take it or leave it basis and/or

    f. The terms of service were not negotiated between two contracting parties.

160. Walmart may not unilaterally change the terms and conditions without notice to purchasers as a matter of law.

161. As to Plaintiff's second giftcard, Walmart was not entitled to declare the balance of the

giftcard forfeit because of suspected fraud which had not yet manifested itself as to the second giftcard.

   **WHEREFORE**, Plaintiff prays this court enter its order and judgment: (a) That the present case may be properly maintained as a class action, that the court appoint Debbie McCoy as the Class representative and Douglas, Haun & Heidemann PC as counsel for the Class; (b) that the Court declare the rights of the parties; (c) that the Court award the class such other and further relief as the Court deems just and proper.


                    **DOUGLAS, HAUN & HEIDEMANN PC**
                    901 E. St. Louis St., Suite 1200
                    Springfield, MO 65806
                    Telephone: (417)326-5261
                    Fax: (417)326-2845
                    craig@dhhlawfirm.com


                    By___/s/ Craig R. Heidemann_____

                         Craig R. Heidemann
                         Missouri Bar No. 42778
                         Nathan A. Duncan
                         Missouri Bar No. 60186

                         Attorneys for Plaintiff and the Putative Class